UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN T. ERDMAN,

                    Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              09-CV-125S

HSBC AUTO FINANCE f/k/a HOUSEHOLD
AUTO FINANCE,

                    Defendants.


        1.      Plaintiff Steven T. Erdman commenced this action by filing a Complaint in the

Supreme Court for the State of New York, Erie County, on January 7, 2009, asserting state

and federal statutory and common law claims against Defendant HSBC Auto Finance.

(Docket No. 1, Ex. A.)[1]  On February 6, 2009, Defendant removed the case to this Court

on the grounds of diversity of citizenship and federal question jurisdiction, 28 U.S.C. §§

1332 and 1441.  (Docket No. 1.)

        2.      Thereafter, on February 10, 2009, Defendant moved to dismiss Plaintiff's

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to

state a claim.  (Docket No. 3.)  On March 9, 2009, Plaintiff filed an Amended Complaint

wherein he withdrew his federal claim and added two state law claims.  (Docket No. 9.)

        3.      On March 13, 2009, Defendant moved to strike Plaintiff's Amended

Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, arguing that it

was improperly filed because Plaintiff had not sought leave from this Court.  (Docket No.

---

[1] Plaintiff alleges that, on or about January 17, 2005, Household Auto Finance changed its name
to HSBC Auto Finance.  (Docket No. 1, Ex. A, Compl. ¶ 3.)

11.)

4.      Plaintiff then filed a Motion for Leave to Amend the Complaint.  (Docket No. 15.)  In support, Plaintiff submitted a memorandum of law, which also serves as his memorandum of law in opposition to the motion to strike.  (Docket No. 16, pt. 5.)  Plaintiff first contends that the Amended Complaint was properly filed as a matter of right and, therefore, the motion to strike should be denied.  (Docket No. 16, pt. 5, pp. 2, 6-7.)  In the event this Court disagrees, he alternatively seeks leave to amend the complaint.  (Docket No. 16, pt. 5, pp. 2, 8-10.)

5.      When Plaintiff filed the Amended Complaint, on March 9, 2009, Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provided that a party may amend its pleading, as a matter of right, *at any time prior to* being served with a "responsive pleading."[2]  Defendant argues that its notice of removal is a responsive pleading and, therefore, it has effectively eliminated Plaintiff's ability to file an amended complaint as a matter of right.  (Docket No. 13, p. 3.)  In support of its position, Defendants cites Jones v. City of Buffalo, 867 F. Supp. 1155 (W.D.N.Y. 1994).  (Docket No. 13, p. 3.)

6.      This Court disagrees with Defendant, as it misstates Jones.  In Jones, this Court considered whether notices of removal and petitions for remand are pleadings within the meaning of Rule 15(a).  It is patently obvious on the face of the decision that the notice of removal was found to be an *initial* pleading – "[m]uch like a complaint, it is the first document filed in a lawsuit proceeding in federal court and, in this regard, provides the

---

[2] Rule 15(a) has since been amended.  It now provides that a party may amend its pleading as a matter of right (A) within 21 days after serving the original pleading, or (B) within 21 days after service of a responsive pleading, if such a pleading is required, or within 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(A) and (B).  This amendment did not become effective until December 1, 2009.

foundation for the lawsuit." Id. at 1167.  The corresponding *responsive* pleading is the motion to remand.  Id.

7.     Courts that have addressed this specific issue have found that a notice of removal is not a "responsive pleading."  See, e.g., American Home Assur. Co. v. Altman Specialty Plants, Inc., No. 08 Civ. 7504, 2009 WL 222158, at *3 (S.D.N.Y. Jan. 26, 2009) ("Neither the AIG Companies' petition of removal in the California action nor the Petition in this Court constitutes a responsive pleading to the complaint."); Araujo v. John Hancock Life Ins. Co., 206 F. Supp. 2d 377, 383 (E.D.N.Y. 2002) (finding that Plaintiff may amend his complaint after removal as a matter of course under Fed. R. Civ. P. 15(a) because no responsive pleading had been served); Jones v. Tyson, No. 00 Civ. 7382, 2001 WL 401438, at *1 (S.D.N.Y. Apr. 18, 2001) ("Subsequent to removal . . . but prior to the filing of any responsive pleading, Jones exercised his option to amend his complaint as of right. Fed. R. Civ. P. 15(a).").

8.     Thus, Defendant's notice of removal does not qualify as a responsive pleading and, as a result, the filing of that document did not eliminate Plaintiff's right to file an amended complaint without leave of Court.[3]  Accordingly, Defendant's Motion to Strike is denied.  Given that Plaintiff seeks leave to amend only if this Court finds its amended complaint was improperly filed, Plaintiff's Motion for Leave to Amend is denied as moot.

9.     Lastly, Defendant requests that, in the event this Court finds the Amended Complaint was properly filed, as it has, the Court proceed to rule on the claims first set forth in the original Complaint based upon the arguments made in its motion to dismiss.

---

[3] Consistent with settled law, Defendant does not argue that its motion to dismiss constitutes a responsive pleading.  Barbara v. New York Stock Exch., 99 F.3d 49, 56 (2d Cir. 1996).

Defendant further requests a determination on the new claims advanced in the Amended Complaint based upon the arguments raised in opposition to the motion for leave to amend.

10.     Plaintiff has had an opportunity to respond to all dismissal arguments and Defendant does not seek to file a reply with regard to the new claims.  Thus, the motion to dismiss is fully briefed as to the Amended Complaint and will be taken under advisement.  This Court will rule on that Motion by way of a separate Decision and Order.


IT IS HEREBY ORDERED, that Defendant's Motion to Strike the Amended Complaint (Docket No. 9) is DENIED.

FURTHER, that Plaintiff's Motion for Leave to Amend the Complaint (Docket No. 15) is DENIED, as moot.

SO ORDERED.


Dated: February 15, 2010
          Buffalo, New York


<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court